UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHAWN CANADA,

                                          Petitioner,

Civil No. 25-808 (JRT/SGE)

v.

STATE OF MINNESOTA, MINNESOTA
DEPARTMENT OF HUMAN SERVICES,
SHIREEN GANDHI, *Commissioner*,
OLMSTED COUNTY THIRD JUDICIAL
DISTRICT, JACOB ALLEN, *Honorable Judge*,
CHRISTINA STEVENS, *Honorable Judge*,
and OTHER OFFICERS, OFFICIALS AND
EMPLOYEES,

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

                                          Respondents.

---

Shawn Canada, MSOP – 100 Freeman Drive, Saint Peter, MN 56082, *pro se* Petitioner.

Edwin William Stockmeyer, III and Thomas R. Ragatz, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Saint Paul, MN 55101; James E. Haase, **OLMSTED COUNTY ATTORNEY**, 151 Fourth Street Southeast, Rochester, MN 55904, for Respondents.

Petitioner Shawn Canada seeks habeas corpus relief under 28 U.S.C. § 2254 from state custody. He filed an application to proceed in forma pauperis ("IFP") and a motion to dismiss previous charging documents and state-court convictions. Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R) recommending that the Court deny the habeas petition without prejudice for lack of jurisdiction and deny the IFP

application and motion to dismiss as moot. Canada objected to the R&R. Because Canada has not demonstrated that he exhausted the available state remedies before commencing this action, the Court will overrule Canada's objections, adopt the R&R, and dismiss Canada's petition for lack of jurisdiction. Because the Court is dismissing the action, all other pending motions will be denied as moot.

## BACKGROUND

Canada is civilly committed as a sexually dangerous person by the State of Minnesota. *See* Register of Actions, *In re Civ. Commitment of Canada*, No. 55-PR-24-7528 (Minn. Dist. Ct.). He has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, an application to proceed IFP, and a motion to dismiss previous charging documents and state convictions for alleged violations of the U.S. Constitution. (*See* Pet. for Writ of Habeas Corpus ("Pet."), Appl. to Proceed in District Court without Prepaying Fees or Costs, Mot. to Dismiss, Mar. 3, 2025, Docket Nos. 1–3.)

In his habeas petition, Canada challenges four Minnesota state-court matters. These include: (1) a 2010 conviction for third-degree criminal sexual conduct, *State v. Canada*, No. 55-CR-10-3516 (Minn. Dist. Ct.); (2) a 2010 conviction for domestic abuse, *State v. Canada*, No. 55-CR-10-3569 (Minn. Dist. Ct.); (3) 2018 charges for attempted fourth-degree criminal sexual conduct and fifth-degree criminal sexual conduct, which were later dismissed, *State v. Canada*, No. 55-CR-18-2621 (Minn. Dist. Ct.); and (4) Canada's 2024 civil commitment as a sexually dangerous person, *State v. Canada*, No. 55-PR-24-7528 (Minn. Dist. Ct.).

In support of his habeas petition, Canada argues that he has a mental illness which should have been argued as a defense to his state convictions, that he demanded a jury trial but did not receive one for his 2010 charges, that he received ineffective assistance of counsel, that he did not know about the exhaustion of remedies requirement, and that he is reporting fraud and obstruction of justice regarding his guilty pleas. (*See* Pet. at 7–9, 14–15; *Id.*, Ex. 1 at 6.)[1] He alleges several violations of his rights related to the four state-court matters, including extended incarceration, loss of housing, arrests and detentions without due process, loss of employment, sentencing errors, and conditions of confinement. (Pet., Ex. 2 at 8–41; *Id.*, Ex. 3 at 2–14.) Canada's primary argument, however, appears to be that he was coerced into pleading guilty to his state charges, and that he has since "change[d] his mind" about his guilty pleas because he "was assured that there would be no judicial commitment based on [his pleas]." (Pet., Ex. 2 at 2–3.) Now that he is civilly committed as a sexually dangerous person, Canada requests the vacation of his 2010 convictions and a jury trial on those charges, as well as a criminal investigation into the alleged constitutional violations that occurred during his state prosecutions and a civil action for damages. (Pet. at 17; *Id.*, Ex. 4 at 4.)

In the R&R, the Magistrate Judge recommended that the Court deny the petition for lack of jurisdiction because Canada failed to exhaust state court remedies before filing

---

[1] The Court cites to the CM/ECF pagination.

-3-

his petition with the Court. (R. & R. at 5–7, Mar. 27, 2025, Docket No. 12.) The R&R also recommends that the Court deny the IFP application and motion to dismiss as moot. (*Id.* at 7.) Canada filed objections to the R&R. (Obj. to R. & R., Apr. 25, 2025, Docket No. 23.)

Canada has also filed other self-styled motions seeking various forms of relief. (*See, e.g.*, Mot. for Demand for a Civil Jury Trial, Mar. 21, 2025, Docket No. 8; Mot. for Protective Order, Apr. 7, 2025, Docket No. 14; Mot. for Anti-Trust Investigation, Apr. 11, 2025, Docket No. 17.)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Because Canada specifically objects to the Magistrate Judge's failure-to-exhaust determination, the Court will conduct de novo review.

### II.   ANALYSIS

Canada raises multiple arguments in his objections, including restatements of the merits of his habeas petition. Because the R&R's recommendations are based on

procedural deficiencies, the Court will only specifically address objections regarding the Magistrate Judge's procedural determinations. In response to the Magistrate Judge's failure-to-exhaust conclusion, Canada argues that there is no exhaustion of remedies requirement "when the Petitioner is filing a criminal complaint for a [sic] anti-trust law violation and demand for a criminal investigation for pattern of criminal activity for state and federal laws." (Obj. to R. & R. at 2.)

The Court will deny Canada's petition for three reasons. First, to the extent Canada seeks relief for his conditions of confinement, a habeas petition is the improper avenue to seek such relief. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. If the prisoner is not challenging the validity of his conviction or the length of his detention, . . . then a writ of habeas corpus is not the proper remedy.") (citations omitted).

Second, the Court lacks jurisdiction to act on Canada's petition to the extent he challenges his 2010 convictions and sentences and the 2018 charges. Canada has already completed his sentences for the 2010 convictions, and the 2018 charges were dismissed.[2]

---

[2] Canada was sentenced to 62 months of imprisonment for third-degree criminal sexual conduct and 18 months of imprisonment for domestic abuse, to be served concurrently. *Canada v. State*, No. A20-1403, 2021 WL 1525196, at *1 (Minn. Ct. App. Apr. 12, 2021). He was also sentenced to ten years of conditional release for the third-degree criminal sexual conduct conviction. *Id.* Canada completed his terms of imprisonment some time ago. It is less clear when Canada completed his conditional release period, but because a search for Canada provides no results on the Minnesota Department of Corrections site for incarcerated individuals, the Court assumes he has completed his period of supervision. *See* Locator, Minn. Dep't of Corr., https://coms.doc.state.mn.us/PublicViewer (last visited May 30, 2025).

Those incarcerated pursuant to a state court judgment may seek a writ of habeas corpus from the federal district court if he or she believes they are "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Canada is not in custody for the 2010 or 2018 state-court matters, so the Court cannot grant Canada habeas relief. *See Maleng v. Cook*, 490 U.S. 488, 490–93 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (citing *Maleng*, 490 U.S. at 492). Thus, the only state court judgment Canada can challenge is his current civil commitment as a sexually dangerous person. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("[F]ederal habeas corpus review may be available to challenge the legality of a state court order of **civil commitment**[.]" (emphasis added)); *Rick v. Harpstead*, 110 F.4th 1055, 1058 (8th Cir. 2024) (quoting *Duncan*, 533 U.S. at 176).

Third, the Court lacks jurisdiction to entertain Canada's petition to the extent he challenges the legality of his civil commitment as a sexually dangerous person. Section 2254 bars a federal district court from granting habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The exhaustion requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional

errors raised by individuals in the state's custody. *O'Sullivan*, 526 U.S. at 844–45. To exhaust state remedies, "the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted). A federal court in a habeas proceeding may not entertain a procedurally defaulted claim unless the petitioner shows "cause and prejudice" excusing his procedural default, or that there would be a "fundamental miscarriage of justice" if the federal court declined to hear the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Canada has not met his burden to show that he exhausted the state court remedies available to challenge his civil commitment. In fact, Canada's argument that no such requirement exists seems to admit failure to exhaust. Canada has also neither argued nor demonstrated "cause and prejudice" excusing his procedural default or that there would be a "fundamental miscarriage of justice" if the Court declines to hear his petition. *Coleman*, 501 U.S. at 750. Without an exhaustion of state court remedies or an excusal of exhaustion, the Court must deny Canada's petition.

In sum, the Court will overrule Canada's objections and adopt the R&R. Canada's habeas petition is denied, and his IFP application and motion to dismiss are denied as

moot. This action is dismissed without prejudice.³ As a result, all other pending motions will also be denied as moot.

The Court will also not grant a certificate of appealability. Canada's petition is being denied on a procedural question. To receive a certificate of appealability after a denial on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because the Court does not find this procedural ruling to be one that could be reasonably disputed, the Court will not issue a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 23] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 12] is **ADOPTED**;

---

³ Without prejudice means that Canada can refile after curing the procedural deficiencies.

3. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2] and Motion to Dismiss [Docket No. 3] are **DENIED as moot**;

4. The Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

5. This action is **DISMISSED without prejudice**;

6. Petitioner's remaining motions [Docket Nos. 8, 14, 17, 18, 19, 26, 28, 29, 31] are **DENIED as moot**; and

7. The Court does **NOT** grant a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 18, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge